IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 03-cr-40034-JPG |
| ) | |
| WILLIAM ANTHONY REED, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on consideration of defendant William Anthony Reed's prospects for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10. The Court appointed counsel for Reed, and counsel has moved to withdraw on the basis that she can make no non-frivolous arguments in support of a sentence reduction (Doc. 340). The government has responded to the motion (Doc. 341). Reed has not responded to the motion although he was given a chance to do so.

Reed was sentenced in 2004 to be imprisoned for 110 months, followed by a term of supervised release, for conspiring to distribute marihuana, cocaine and crack cocaine. His relevant conduct consisted solely of marihuana and powder cocaine. Reed served his sentence and commenced his term of supervised release. He violated the terms of his supervised release, and in 2009 the Court revoked his supervised release and sentenced him to serve additional time in prison, followed by a term of supervised release. Reed is now serving his revocation sentence.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that

any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request. *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008); *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir.), *cert. denied*, 129 S. Ct. 2817 (2009)**.**

## I.      Lowered Guideline Range

Reed does not satisfy the first criteria because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Amendments 706 and 711 amended U.S.S.G. § 2D1.1(c) as of November 1, 2007, to lower by two points the base offense levels associated with various amounts of crack cocaine. Amendment 715, effective May 1, 2008, further amended the commentary to U.S.S.G. § 2D1.1 by revising the manner in which offense levels are determined in cases involving crack cocaine in combination with other controlled substances. The Sentencing Commission amended U.S.S.G. § 2D1.1(c) intending to alter the disparity in sentences involving crack cocaine and sentences involving powder cocaine. However, Reed was sentenced based on the base offense levels set forth in U.S.S.G. § 2D1.1(c) *solely for marihuana and powder cocaine*, not for crack cocaine. Consequently, Amendments 706, 711 and 715 had no impact on his sentencing range.

## II.      Consistency with Policy Statement

As for the second criterion, the Sentencing Commission's policy statement governing sentence reductions following guideline amendments is contained in U.S.S.G. § 1B1.10. That section provides

that the guideline range reduction contained in Amendments 706, 711 and 715 may be applied retroactively pursuant to 18 U.S.C. § 3582(c)(2) to reduce previously imposed sentences with certain limitations.  U.S.S.G. § 1B1.10(a)(1) & (c).  Thus, the Court now has discretion under 18 U.S.C. § 3582(c)(2) to reduce the sentences of some defendants sentenced for offenses involving crack cocaine.

However, not all defendants whose sentences were based on involvement with crack cocaine are eligible for such a reduction.  For example, the application notes to U.S.S.G. § 1B1.10 provide that only defendants imprisoned as a result of an "original" sentence qualify for a § 3582(c)(2) sentence reduction.  *See* U.S.S.G. § 1B1.10 app. note 4(A) ("Only a term of imprisonment imposed as part of the original sentence is authorized to be reduced under this section.  This section does not authorize a reduction in the term of imprisonment upon revocation of supervised release."); *United States v. Forman*, 553 F.3d 585, 589 (7th Cir.), *cert. denied*, 129 S. Ct. 2817 (2009)..

Reed is currently serving a sentence imposed as the result of a revocation proceeding, not an original sentence.  Thus, a reduction of Reed's sentence would be inconsistent with the policy statement set forth in U.S.S.G. § 1B1.10, and is therefore not authorized by 18 U.S.C. § 3582(c)(2).

For these reasons, the Court **GRANTS** counsel's motion to withdraw (Doc. 340).  The Clerk is **DIRECTED** to mail a copy of this order to defendant William Anthony Reed, Reg. # 05868-025, FCI Memphis, P.O. Box 34550, Memphis, TN 38134.

**IT IS SO ORDERED.**
**Dated this 18th day of November, 2010.**

             s/ J. Phil Gilbert
             **J. PHIL GILBERT**
             **U.S. DISTRICT JUDGE**